**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CASE NO.: 1:08-CV-00121-TBR**

**MICHAEL FORBESS**                                                                **PLAINTIFF**

**v.**

**LEE'S FAMOUS RECIPE, INC., and**
**LARRY & MARGARET GADBERRY, INC.**                               **DEFENDANTS**

## MEMORANDUM AND OPINION

This matter is before the Court upon Defendants, Lee's Famous Recipe, Inc, and Larry & Margaret Gadberry, Inc.'s, Motion in Limine (Docket #23). Plaintiff, Michael Forbess, has responded (Docket #26). Defendants have replied (Docket #33). This matter is now ripe for adjudication. For the following reasons, Defendants' Motion in Limine is DENIED.

Also before the Court is Plaintiff's Motion for a Hearing (Docket #28). For the following reasons, Plaintiff's Motion is DENIED.

## BACKGROUND

Plaintiff, Michael Forbess, alleges he contracted Campylobacter bacteria after eating at Defendants' restaurant, Lee's Famous Recipe, in Greensburg, Kentucky, on September 1, 2007. Plaintiff was hospitalized with symptoms on September 5, 2007, and was not discharged until September 10, 2007.

Plaintiffs have disclosed Michael Bonacum, D.O., as an expert witness. Bonacum is Plaintiff's primary care physician and was the treating physician when Plaintiff was admitted to the Harrison County Hospital. Bonacum's deposition was initially taken on April 20, 2009. His deposition was again taken on November 11, 2009. Bonacum intends to testify as to the treatment of Plaintiff, as well as the causation of Plaintiff's illness.

Defendant has moved to exclude the testimony of Michael Bonacum, D.O., regarding causation. Plaintiff has requested a hearing on this motion.

## DISCUSSION

### I. *Daubert* Hearing

It is within the discretion of the district court whether or not a formal *Daubert* hearing is necessary. *In re Scrap Metal Antirtrust Litigation*, 527 F.3d 517, 532 (6th Cir. 2008); *Clay v. Ford Motor Co.*, 215 F.3d 663, 667 (6h Cir. 2000). The Sixth Circuit in *In re Scrap Metal Antirtrust Litigation*, found that a *Daubert* hearing was not necessary where the "record on the expert testimony was extensive, and the *Daubert* issue was fully briefed by the parties." 527 F.3d at 532. In *Nelson v. Tennessee Gas Pipeline Co.*, the court similarly held that the magistrate judge did not abuse its discretion by failing to hold an evidentiary hearing before ruling on the motions in limine before it. 243 F.3d 244, 249 (6th Cir. 2001). The court reasoned the admissibility of the expert testimony was fully briefed by the parties and, based on the extensive record, "there was an adequate basis from which to determine the reliability and validity of the experts' opinions." *Id.* However, the Court "should not make a *Daubert* ruling prematurely, but should only do so when the record is complete enough to measure the proffered testimony against the proper standards of reliability and relevance." *Jahn v. Equine Services, PSC*, 233 F.3d 382, 393 (6th Cir. 2000).

The Court finds a formal *Daubert* hearing is not required in this case. The transcript of the video deposition of Bonacum has been provided to the Court. The parties have also fully briefed the issue regarding the admissibility of Bonacum's deposition and expert testimony. The Court is sufficiently advised of the arguments of the parties and the record provides an adequate basis from which to determine the reliability and validity of Bonacum's opinions.

## II. Admission of testimony of Dr. Bonacum

Defendants assert that the testimony of Bonacum is, essentially, unreliable and therefore should be excluded. Defendants state that Bonacum was unaware of some relevant factual history prior to his treating of Plaintiff. Specifically, Bonacum was unaware Plaintiff had eaten at a McDonald's in Helena, Arkansas, on Wednesday one week prior to his hospitalization. Bonacum was also unaware Plaintiff ate a prepackaged donut and water on September 1, 2009. Neither was Bonacum aware that on that same day Plaintiff participated in a dove hunt where he handled dead birds, although Bonacum was aware Plaintiff had been hunting. Bonacum was also unaware that after allegedly eating at the defendants' restaurant Plaintiff had pizza. The next day, September 2, 2009, Plaintiff ate chips and dip while on a boat on the Ohio River. Bonacum testified there are several sources of the bacteria, Campylocbacter, which was found in Plaintiff's stool. Bonacum also testified that the incubation period for the bacteria is one to seven days. Defendant reasons that based on the testimony regarding multiple sources and the lengthy incubation period, Bonacum's testimony as to the cause of the bacteria in Plaintiff's body is not reliable due to his incomplete factual history.

Plaintiff argues that Bonacum is qualified to render an expert opinion on causation and that Bonacum observed Plaintiff during treatment and ruled out other potential sources of the bacteria. Plaintiff also states that Bonacum knew he had been hunting, specifically noting he had been to a "shooting match." Plaintiff states that Bonacum has treated this illness before, is, therefore, familiar with it and that his training and credentials in internal medicine are helpful in determining the cause of this condition and treating it. Finally, Plaintiff states Bonacum conducted independent research during his care of Plaintiff to help treat and determine the cause of the illness.

Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Sixth Circuit, in *In re Scrap Metal Antirtrust Litigation,*examined the rule and stated it is evident that a proposed expert's opinion is admissible, at the discretion of the trial court, if the opinion satisfies three requirements: "First, the witness must be qualified by 'knowledge, skill, experience, training, or education.' Second, the testimony must be relevant, meaning that it 'will assist the trier of fact to understand the evidence or to determine a fact in issue.' Third, the testimony must be reliable." 527 F.3d at 529. The trial court is guided by rule 702's general standards for assessing reliability: "whether the testimony is based upon 'sufficient facts or data,' whether the testimony is the 'product of reliable principles and methods,' and whether the expert 'has applied the principles and methods reliably to the facts of the case.'" *Id.*

The Supreme Court, in *Daubert*, also provided a non-exclusive list of factors for trial courts to consider in evaluating reliability. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-594 (1993). These factors include: "testing, peer review, publication, error rates, the existence and maintenance of standards controlling the technique's operation and general acceptance in the scientific community." *In re Scrap Metal Antitrust Litigation*, 527 F.3d at 529 (citing *U.S. v. Langan*, 263 F.3d 613, 621 (6th Cir. 2001)). The test of reliability, however, is a flexible one. *Id.* "A court must be sure not 'to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.'" *Id.* Reliability instead means "an expert's testimony .

4

. . must be 'supported by appropriate validation –i.e., 'good grounds,' based on what is known." *Id.*

(citing *Daubert*, 509 U.S. at 590). "The task for the district court in deciding whether an expert's

opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests

upon a reliable foundation, as opposed to, say, unsupported speculation."*Id.* at 529-30.

An attack on the application of a method "goes to the weight of the evidence, rather than to

its admissibility." *Id.* at 530. There are circumstances in which a significant error in application may

go to the admissibility, as opposed to the weight of the evidence; however, "'rejection of expert

testimony is the exception, rather than the rule . . . and we will generally permit testimony based on

allegedly erroneous facts when there is some support for those facts in the record." *Id.* In prior cases

the court explained that "although opinions of the proffered testimony 'may very well be 'shaky,''

because the opinions were based upon facts in the record, and were not 'assumptions' or 'guesses,'

challenges merely went to the accuracy of the conclusions, not to the reliability of the testimony."

*Id.* (citing *Jahn v. Equine Services*, 233 F.3d 382 (6th Cir. 2000)); *see also McLean v. 988011*

*Ontario, Ltd.*, 224 F.3d 797, 801 (6th Cir. 2000); *U.S. v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir.

1993) (stating "weaknesses in the factual basis of an expert witness' opinion . . . bear on the weight

of the evidence rather than on its admissibility" and "it is up to opposing counsel to inquire into the

expert's factual basis.").

In this case, as in the case of *In re Scrap Metal Antitrust Litigation*, Defendants attack the

factual basis of the expert, Bonacum's, testimony. Defendants argue that Bonacum's testimony is

unreliable due to his lack of a complete factual history. The Court finds Bonacum's opinion is based

on facts in the record.

Bonacum states that a history was taken from Plaintiff. Bonacum Dep. 11, Nov. 11; 28,

5

2009.  Bonacum noted that he was aware Plaintiff had participated in a "shooting match," although he was not aware he handled dead birds.  Bonacum Dep. 13-14, Nov. 11; 37, 2009.  Bonacum explained that "Mr. Forbess had, among the course of his treatment and interviewed, had indicated to me that at a point prior to the onset of his symptoms he had consumed fast food products and specifically had consumed a fast food chicken sandwich . . . ."  Bonacum Dep. 12, Nov. 11, 2009.  Bonacum testified that his opinion was formed through the course of his treatment of Plaintiff and was based on a reasonable degree of medical probability.  Bonacum Dep. 11, Nov. 11, 2009.  Bonacum stated that he performed independent research regarding this bacteria.  Bonacum Dep. 15, Nov. 11, 2009.  Bonacum also asserted that "if one looks at the available data regarding the reservoirs, what the likely source is of this particular type of bacterial infection, particularly in an industrialized country like the United States, overwhelmingly the source would come from poultry."  Bonacum Dep. 15-16. Nov. 11, 2009.  Bonacum explained, "I believe based on the – on the discussion that I had with Mr. Forbess regarding his food consumption and his retrospective review of his history on the days prior to the onset of his symptoms that it is more likely than not that [his illness] was from the consumption of the chicken."Bonacum Dep. 45, Nov. 11, 2009.

Bonacum offered a foundation for how he reached his opinion as to causation in this case.  The jury is free to give his opinion little or no weight, and to credit instead Defendants' attack on the factual basis of his opinion.  Bonacum's testimony will be tested on cross-examination, which is the "appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.  The question of whether Bonacum's opinion is accurate in light of his factual history goes to the weight of the evidence and not to its admissibility.  It is for the jury to make this determination.

Defendants have argued that Bonacum is unable to point to any methodology with which to

test his opinion and is unable to establish an error rate for his opinion.  Defendants assert that failure

to establish a methodology with which to test the opinion or an error rate is fatal to Bonacum's

testimony.  While these are both factors which the Court in *Daubert* set out to be considered when

determining admissibility, the list of factors is not exclusive, nor is it rigid in its application.

*Daubert*, 509 U.S. at 593-94; *In re Scrap Metal Antitrust Litigation*, 527 F.3d at 529 ("the *Daubert*

factors 'are not dispositive in every case; and should be applied only 'where they are reasonable

measures of the reliability of expert testimony").  The Court in this case has found Bonacum's

opinion is based on facts in the record and has "a reliable basis in the knowledge and expertise of

his discipline."  *Id.* at 592.

Defendants also raise concerns regarding Bonacum's lack of experience with this particular

bacteria.  Bonacum testified that he has treated four or five cases in eight to ten years of practice.

Bonacum Dep. 21, Nov. 11, 2009.  However, Bonacum is board certified in internal medicine and

indicated he had formal training in both the areas of infectious diseases and gastrointestinal

disorders. Bonacum Dep. 14, Nov. 11, 2009. Additionally, as previously stated, Bonacum testified

the he performed independent medical research concerning this particular bacteria. Bonacum Dep.

15, Nov. 11, 2009.

The Court does not find the limited number of cases of this bacteria treated by Bonacum

renders his testimony inadmissible.  Bonacum as a board certified physician in internal medicine has

sufficient expertise to testify regarding this bacteria.  Bonacum has had formal training in infectious

diseases and gastrointestinal disorders and has performed additional independent research.  He also

has experience treating the illness caused by this bacteria, albeit only four or five times.  In addition,

he was Plaintiff's treating physician. Arguably he had the most familiarity with Plaintiff's

symptoms, treatment, examination, prognosis and sufficient experience to render the proffered

opinion.   The issue regarding the number of times he has treated illnesses caused by this bacteria

goes to the weight of the evidence and not its admissibility.

## CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine is DENIED.